Day, J.
The record shows that more than two years *557 elapsed after the date of the accident to Fortner before he communicated to the Industrial Commission or to his employer the fact that he claimed an eye condition as a result of the accident.
At the outset, relator is met by Section 1465-72a, General Code, which reads as follows: “In all cases of injury or death, claims, for compensation shall be forever barred, unless, within two years after the injury or death, application shall have been made to the industrial commission of Ohio' or to the employer in the event such employer has elected to pay compensation direct.”
In this case the employer had elected to pay compensation direct and had been given a receipt for all injuries due to the accident of January 18, 1929. Unless the eye injury is attributable to the injury of January 18,1929, relator is barred by the statute.
The answer, to which the demurrer has been filed, does not affirmatively show that the commission based its action in denying relator’s claim for modification of award upon the ground that there was no direct connection between the injury to relator’s leg, for which compensation had been awarded, and the injuries to his eyes, for which he now seeks compensation. True, the petition avers that the “application for modification of award was dismissed by the Industrial Commission upon the recommendation of the Medical Department of the Industrial Commission,” but the general denial of the answer puts such averment in issue. For aught that appears in the pleadings, such recommendation might have justified the commission’s action in the premises, and still not afford a basis for denial upon jurisdictional grounds.
The answer is good as against the general demurrer.

Demurrer overruled.

Weygandt, O. J., Aleen, Stephenson, Jones and Matthias, JJ., concur,